FILED
CLERK, U.S. DISTRICT COURT

APR 30 2008

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEE SMITH, | NO. CV 08-2731 RGK (FMO) |
| Petitioner, | |
| v. | ORDER RE: SUMMARY DISMISSAL OF ACTION FOR LACK OF JURISDICTION |
| TRUST ACCOUNT OFFICE, | |
| Respondent. | |

On April 25, 2008, petitioner, who is currently incarcerated at the California State Prison in Corcoran, California, filed this action as a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court need neither grant the habeas petition nor order a return if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243; see also Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

1  "[T]he petition is expected to state facts that point to a 'real possibility of constitutional
2  error.'" Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts advisory
3  committee notes (quoting Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)); see also Calderon
4  v. U.S. Dist. Court, 98 F.3d 1102, 1109 (9th Cir. 1996), cert. denied, 520 U.S. 1233, 117 S.Ct.
5  1830 (1997) ("Thus the facts in a habeas petition need not be so detailed as to establish *prima*
6  *facie* entitlement to habeas relief; they are sufficient if they suggest the real possibility that
7  constitutional error has been committed.") (italics in original). However, where the allegations in
8  the petition are vague or conclusory, palpably incredible, or patently frivolous or false, courts are
9  authorized to dismiss the petition summarily. See McFarland v. Scott, 512 U.S. 849, 856, 114
10 S.Ct. 2568, 2572 (1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

11   This Court notes that this is petitioner's ninth lawsuit in the last five years: (1) CV 03-5519
12 RGK (FMO); (2) CV 04-3335 RGK (FMO); (3) CV 04-3761 UA (FMO); (4) CV 05-1861 UA (FMO);
13 (5) CV 06-7003 UA (FMO); (6) CV 06-7002 RGK (FMO); (7) 07-2561 RGK (FMO); and (8) 08-
14 0175 RGK (FMO). With the exception of CV 04-3335 RGK (FMO), which was dismissed for
15 failure to exhaust, and CV 03-5519 RGK (FMO), which petitioner voluntarily dismissed after being
16 given six opportunities to amend his petition, all of petitioner's cases have been summarily
17 dismissed. The instant case is no exception. First, large portions of his current Petition are vague
18 and unintelligible. For example, in describing the claims raised on direct appeal of his state court
19 conviction to the California Court of Appeal, petitioner states the claim raised as follows, "point
20 to a real possibility of constitutional possibility that constitution error has been committed his
21 convictions or otherwise claiming to be in custody in violation of the constitution or law[.]" (Petition
22 at 3) (capitalization omitted). Further, petitioner states that he filed a petition for post-conviction
23 relief in "A Appeals Coordinator on Linda Buchser[.]" (Id. at 4).

24   Second, the Petition does not provide a narrative description of petitioner's claim(s), but
25 instead makes unintelligible, rambling complaints. (See Petition at 5-6). For example, petitioner
26 asserts that "minimum eligible parole date M.E.P.D. m[e]ans the earliest date on which an
27 indeterminate sentence law or life prisoner may legally be released on parole different of
28 sentences[.]" (Id. at 5) (capitalization omitted). In addition, petitioner states that "I need trust

2

1  account l[e]t me know example to me I need to end the problem[,] all my case is close[d.]" (Id.)
2  (capitalization omitted). It appears that, even accepting the allegations as true, petitioner can
3  prove no set of facts which would entitle him to relief or otherwise state a cognizable habeas
4  claim. The Petition is unintelligible and vague and does not contain any allegation that petitioner
5  is in state custody pursuant to an adjudication that was contrary to, or involved an unreasonable
6  application of, clearly established federal law. See McFarland, 512 U.S. at 856, 114 S.Ct. at 2572
7  ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally
8  insufficient on its face[.]"); Shaffer v. Duncan, 2001 WL 263237, at *2 (N.D. Cal. 2001) (finding
9  that habeas petition "provides insufficient information to state a cognizable claim" because "[l]arge
10 portions of text are simply unintelligible[]"); In re Hunter, 1995 WL 261459, at *2-3 (N.D. Cal. 1995)
11 (dismissing habeas petition because it is "a dense and impenetrable mass of verbiage[,]" which
12 "combines nonsensical legalistic language with unintelligible rambling complaints").

13      Third, to the extent petitioner is challenging his lack of a parole date, (see Petition at 2 &
14 5), the assertion is patently frivolous. "Inmates serving life sentences become *eligible* for parole
15 hearings automatically, one year prior to their minimum eligible parole date[.]" Cal. Dep't of Corr.
16 & Rehab., Lifer Parole Process, http://www.cdcr.ca.gov (italics in original). Petitioner was
17 sentenced in 2001 to an indefinite term of 35 years to life. (Petition at 2; see also Terry Lee Smith
18 v. M. Yarborough, Warden, No. CV 04-3335 RGK (FMO), Report and Recommendation of United
19 States Magistrate Judge, filed on September 22, 2005, at 2). Thus, petitioner is not eligible for
20 his first parole hearing until some time in 2035.

21      Finally, to the extent the allegations in the Petition may state a civil rights claim, the Court
22 has considered whether to ignore the mislabeling, and construe this action as a civil rights action,
23 brought pursuant to 42 U.S.C. § 1983. See Hanson v. May, 502 F.2d 728, 729-30 (9th Cir. 1974);
24 Wildwording v. Swenson, 404 U.S. 249, 251, 92 S.Ct. 407, 409 (1971) (per curiam), superseded
25 by statute on other grounds as recognized by Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378,
26 2382 (2006). However, it does not appear that petitioner's allegations are sufficient to even state
27
28

a claim for violation of his federal civil rights.[1] Petitioner's only civil rights allegations appear to relate to the prison trust account office deducting restitution payments from his prisoner trust fund account. (See Petition at 3 & 5-6). Moreover, petitioner failed to submit a completed Declaration in Support of Request to Proceed In Forma Pauperis and a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of his complaint, both of which are required in order to file a complaint in a civil action without prepayment of fees. See 28 U.S.C. § 1915(a)(2).

Under the circumstances, the Court is persuaded that the jurisdictional requisite for a § 2254 petition has not been met here. See Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement."); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement.") (internal quotation marks omitted).

Based on the foregoing, IT IS ORDERED THAT the case shall be summarily dismissed without prejudice for lack of jurisdiction. See Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts; Local Rule 72-3.2.

DATED: 04-30, 2008.

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

---

[1] Even assuming petitioner had stated a claim, it does not appear from the face of the Petition that he has exhausted his available administrative remedies. See 42 U.S.C. § 1997e(a).